Thomas H. O'Brien *vs.* Jane G. O'Brien *et al.*

MAY 26, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

2

FLYNN, C. J.   This bill in equity was brought by the complainant husband to have a resulting trust in his favor declared in certain realty, the title to which stands in the name of his respondent wife; and to obtain certain injunctive and other incidental relief against both respondents. The Citizens Savings Bank, a corporation of the city of Providence, in this state, was joined as the other respondent merely because it held a mortgage, executed by the husband and wife, on the premises in question. After a hearing by a justice of the superior court on bill, answer and evidence, a decree was entered granting all the complainant's prayers for relief. The cause is before this court on the respondent wife's appeal from that decree and hereinafter she will be referred to as the respondent.

The bill alleges in substance and effect that on March 21, 1939, the complainant bought for the sum of $7000 certain realty as described therein; that he alone negotiated the purchase of this property; that all of the purchase price was paid by him; that no part of it was paid by the respondent; and that he caused the legal title to be taken and recorded in her name "solely as a matter of business expediency". The bill also alleges that $6000 of the purchase price was obtained from the proceeds of a mortgage given to the Citizens Savings Bank, which mortgage was signed by the respondent at the complainant's request; that the premises

were purchased and were occupied solely by complainant for his business; that he had spent large sums in the general upkeep and repair thereof; and also that he had made all payments on the principal and interest of the mortgage note, as well as for the taxes and water bills in connection with the property.

The bill further alleges that from the date of purchase no claim for rent had been made by the respondent until March 12, 1945 when her attorney had written to him demanding rent, beginning April 1, 1945, at the rate of $200 per month; that on April 9, 1945, the respondent had tendered to the Citizens Savings Bank payment in full of the balance due upon the mortgage note held by it, and had demanded a transfer of the mortgage and note to her designee.

The complainant therefore prayed that a decree be entered declaring him to be the beneficial owner of the property; that the respondent be ordered to convey said premises to him; and that she be enjoined from transferring the property or from demanding rents, from demanding the transfer of the mortgage from the bank, and from taking any action at law to evict the complainant from the premises in question; and that the bank be enjoined from accepting from respondent payment of the mortgage note and from transferring to her designee the deed securing said note.

The respondent filed a demurrer to the bill on several grounds, all of which were overruled by a justice of the superior court. She then filed her answer in substance and effect denying that the realty was purchased with money of the complainant; and further alleging that it was purchased entirely with money belonging to her and that the complainant had contributed no part thereof; that the title thereto was taken by her as the real purchaser for investment purposes; and that she had the right as a mortgagor to the Citizens Savings Bank, or otherwise as an encumbrancer by virtue of her dower, to pay the balance of the first mortgage and note and to demand from the bank a transfer thereof.

At the hearing in the superior court the complainant de-

parted somewhat from certain of his original allegations. He admitted that all the purchase money actually came from funds belonging to his wife, none of which had been contributed by him; but he testified in substance and effect that he had borrowed from her the amount necessary to purchase the property and had caused the deed to be taken in her name "to secure that for her". According to the testimony, no note for this indebtedness was given; no arrangement for the repayment of the loan at any definite time was proposed or made; and no provision for interest on the loan was made.

The trial justice believed the complainant and found that the purchase money had belonged to the wife originally and was paid by her to the grantor, but had been loaned by her in two transactions to the complainant; and that the deed had been taken and recorded in her name as security for the repayment of the loans. In other words, he found that the deed, though absolute in form, was in effect an equitable mortgage to secure such loans. He decided that the complainant, in keeping with the offer at the hearing, should be required to repay the loans to his wife, with interest from December, 1942, and that thereupon she should convey the legal title to the husband for whose benefit the property had been bought. The decree followed his decision and granted all the prayers for relief contained in the bill of complaint as hereinbefore set forth.

The respondent's reasons of appeal may be summarized as alleging: (1) that the court was in error in overruling her demurrer to the bill of complaint; (2) that the final decree was against the law, the evidence, and the weight thereof; (3) that the decree was based upon a misinterpretation of the facts; and (4) that the decree was inconsistent with the law and contained provisions that were irreconcilable with each other.

■■ In our opinion respondent's demurrer to the bill should have been granted, particularly on the fourth ground which stated in substance that the bill did not negative the presumption of gift or advancement by the husband. The bill

as a whole was plainly based upon the theory that the complainant had purchased the property entirely with his own money; that no part thereof had been contributed by the respondent out of money belonging to her; and that the legal title was taken and recorded by him in the respondent's name "solely as a matter of business expediency", whatever that may mean. We do not find any allegation which necessarily rebuts, directly or by inference, the presumption that, granting the other allegations to be true, the transaction nevertheless amounted to a gift or advancement to the complainant's wife with whom he was living at the time. While this presumption is not conclusive, it requires the allegation of facts to rebut it in order to support a claim of a resulting trust by a husband against his wife. The taking of a deed in the wife's name "solely as a matter of business expediency" does not necessarily exclude such an intended gift or advancement. Yet that phase is apparently the sole reliance of complainant to overcome the respondent's objection on demurrer.

On the other hand, the complainant was not bound to allege any express agreement as the respondent appears to contend; nor was he bound to allege fraud, unless he intended to rely upon fraud, actual or constructive, either to rebut the presumption of gift or to establish a constructive trust.

In view of the full hearing of the issues, an amendment perhaps could have been made to conform to the evidence at the trial and to show a tender, or at least an offer, to restore the respondent equitably to the position which she occupied before she made the alleged loans. However, no such amendment was proposed or made by the complainant in the superior court.

Even if such an amendment were now permitted, it would not completely cure all of the difficulties in the cause. The trial justice almost at the beginning of his decision laid down certain rules of law that he said he intended to follow in deciding the cause. He then referred to and quoted two sec-

6

tions of 2 Rest. of the Law of Trusts, §441 c. and §445. Counsel for both parties readily admit that neither of these sections is applicable to the bill or evidence here. Whether this erroneous reference to the law played a part in the trial justice's findings of fact may be debatable; but such reference certainly raises considerable doubt as to the correctness of the decision and requires us to speculate as to whether the findings of fact were made independently of the inapplicable law, or whether those findings were actually influenced by the erroneous citation of the law. Further, since the evidence must be clear and convincing to establish a resulting trust, this reference to inapplicable law makes it difficult for us to know whether the trial justice actually applied the correct rule in reaching his decision.

■ The decree also fails to carry out the logic and findings of fact as made by the trial justice in that it failed to require the complainant, as a condition precedent to his attaining the affirmative relief which he sought, to pay to the respondent the interest on the loans from the time of their advancement. In order to obtain affirmative relief of this kind in the circumstances in evidence, the husband should in equity be required to substantially restore his wife to the position which she occupied prior to the loans.

■ Moreover the court erroneously enjoined the respondent from paying the balance of the first mortgage note held by the Citizens Savings Bank and from having the mortgage and note transferred to her designee under G. L. 1938, chap. 442, §7. The trial justice apparently overlooked the fact that the respondent was an original mortgagor on the mortgage and a maker of the note held by the bank. She not only had signed off her right of dower in that mortgage but was under obligation to pay the note and the mortgage. In our opinion she was entitled under the statute to pay the balance of the note and to demand a transfer of the mortgage and note to protect her from substantial loss through possible foreclosure of the mortgage without her knowledge. See *Tierney* v. *Citizens Savings Bank,* 51 R. I. 329.

It may be possible to overcome certain of these errors or irregularities by permitting, as suggested by complainant, an amendment of the bill to conform to the evidence and by modifying the decree in certain respects. However, we find it impossible to make a final determination of the cause upon the record unless we indulge in speculation as to the findings of fact as previously indicated, or pass upon the credibility of the parties without seeing or hearing them testify.

The credibility of the parties, apart from any misconception as to the applicable law, is especially important here in view of the nature of the bill and the limited testimony directly related to the time when the resulting trust, if any, was created, namely, at the time of the conveyance. In the circumstances we think that substantial justice will be better served if the cause is heard in the superior court *de novo* upon a properly amended bill.

The respondents' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for a new hearing without prejudice to any rights of the parties.

*Walter J. Hennessey,* for complainant.

*Fergus J. McOsker,* for respondents.